IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Hayward Rogers,           )<br>                              )<br>              Petitioner,     )<br>                              )<br>         v.                    )<br>                              )<br>Colie Rushton, Warden of  )<br>McCormick Correctional Institution, )<br>                              )<br>              Respondent.   )<br>_____) | Civil Action No.8:07-947-MBS-BHH<br><br>**REPORT AND RECOMMENDATION<br>OF MAGISTRATE JUDGE** |

The petitioner, a state prisoner, seeks relief pursuant to Title 28, United States Code, Section 2254. This matter is before the Court on the respondent's motion for summary judgment (Docket Entry # 31) and the petitioner's motions to appoint counsel (Docket Entry # 15); for order of appearance (Docket Entry # 18); to stay (Docket Entry # 19); to remove State court case (Docket Entry # 21); for a temporary restraining order (Docket Entry # 23); for reconsideration (Docket Entry # 26); to compel (Docket Entry # 29); to amend/ correct (Docket Entry # 38); to stay proceedings (Docket Entry # 49); and for the Court to provide case law (Docket Entry #56.)

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review posttrial petitions for relief and submit findings and recommendations to the District Court.

The petitioner brought this habeas action on April 10, 2007. On July 23, 2007, the respondent moved for summary judgment. By order filed July 24, 2007, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. On July 30, 2007, the petitioner filed a response.

**DISCUSSION**

The petitioner is an inmate in custody of the South Carolina Department of Corrections ("SCDC") currently housed at the McCormick Correctional Institution ("MCI"). The petitioner is challenging his conviction and sentence imposed by the Lexington County Court of General Sessions on September 21, 2001. The petitioner was sentenced to life without parole for strong arm robbery, kidnaping, criminal sexual conduct, and assault with intent to kill after a jury trial. The petitioner filed a direct appeal. On August 9, 2004, his convictions and sentence were affirmed. *State v. Rogers*, 603 S.E.2d 910 (S.C. Ct. App. 2004). On October 27, 2004, the petitioner filed a state application for post-conviction relief ("PCR") and that PCR action is currently pending in Lexington County.

On April 10, 2007, the petitioner filed this petition for habeas relief pursuant to 28 U.S.C. § 2254. This petition is the petitioner's seventh attempt to obtain federal habeas review. The respondent has filed a motion for summary judgment based on the petitioner's failure to exhaust as he has a pending state action. The petitioner contends that he should be excused from the exhaustion requirements because the state court action that has been pending for more than two years. The petitioner contends that the state court's failure to rule on the motion is fundamentally unfair and has deprived him of due process. He is requesting a stay of this habeas action pending the resolution of the state PCR. (Docket Entries # 19 and 49.)

An inordinate delay in state court proceedings, under certain circumstances, may justify waiver of exhaustion. *Patterson v. Leeke*, 556 F.2d 1168. However, it appears that the delay in the petitioner's PCR case results from the petitioner's repeated attempts to have his PCR counsel relieved. In short, the petitioner has a pending state PCR case and if his application for PCR is denied, he must seek appellate review by the Supreme Court of South Carolina or federal collateral review of the grounds raised in his application for

PCR will be barred by a procedural default. *See Whitley v. Bair*, 802 F.2d 1487, 1500 & n. 27 (4th Cir. 1986).

Further, although the petitioner's application for PCR has been pending since October 2004, the petitioner has not been prejudiced by the delay because the limitations period for filing a federal habeas corpus action is tolled by the pendency of the petitioner's PCR case. 28 U.S.C. § 2244(d)(2).  However, as the petitioner has a pending state PCR case, this court should not keep this habeas petition on its docket while the petitioner is exhausting his state court remedies. *Rose v. Lundy*, 455 U.S. 509 (1982)(holding a mixed petition should be dismissed without prejudice in order to effectuate the requirement of "total exhaustion.")  Therefore, pursuant to *Rose*, it appears that this petition should be dismissed without prejudice.[1]

## CONCLUSION

Wherefore, it is RECOMMENDED that the respondent's Motion for Summary Judgment (Docket Entry # 31) be GRANTED and the habeas petition be DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER RECOMMENDED that the Petitioner's Motions to appoint counsel (Docket Entry # 15); for order of appearance (Docket Entry # 18); to stay (Docket Entry # 19); to remove State court case (Docket Entry # 21); for a temporary restraining order (Docket Entry # 23); for reconsideration (Docket Entry # 26); to compel (Docket Entry # 29);

---

[1] The court notes that in *Rhines v. Weber*, the United States Supreme Court held that, "if a petitioner presents a district court with a mixed petition and the court determines that stay and abeyance is inappropriate, the court should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims *if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief*." *Rhines v. Weber*, 544 U.S. 269, 278 (2005)(emphasis added). Because the habeas statute of limitations has not yet run, and is presently being tolled during the pendency of the state court collateral review, it does not appear that the petitioner runs the risk of forever losing his opportunity for any federal review of his claims if the district court dismisses the case without prejudice. *Id.* at 274-275.

to amend/ correct (Docket Entry # 38); to stay proceedings (Docket Entry # 49), and for the Court to provide case law (Docket Entry #56) be DENIED, as moot.

    IT IS SO RECOMMENDED.

                                                      S/Bruce Howe Hendricks
                                                      United States Magistrate Judge

December 18, 2007
Greenville, South Carolina

   **The petitioner's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).