IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Hayward Leon Rogers, #278510, ) | |
| ) | C/A No. 8:07-947-MBS-BHH |
| Petitioner, ) | |
| ) | |
| vs. ) | **OPINION AND** |
| ) | **O R D E R** |
| Colie Rushton, Warden of McCormick ) | |
| Correctional Institution, ) | |
| ) | |
| Respondent. ) | |
| ) | |

Petitioner Hayward Leon Rogers is a prisoner in the custody of the South Carolina Department of Corrections ("SCDC") and is currently housed at McCormick Correctional Institution. Petitioner, appearing pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 relating to his conviction in state court for strong arm robbery, kidnaping, criminal sexual conduct, and assault with intent to kill. He asserts that he is actually innocent; he was not advised of his miranda rights when he was arrested; he was interrogated without an attorney while in custody despite asking for an attorney; that his blood was taken while in custody without his consent; that the State offered no proof of the method or chain of custody relating to his blood sample; and that there was no proof offered regarding a second DNA test.

This matter is before the court on Respondent's motion for summary judgment filed on July 23, 2007. By order filed July 24, 2007, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Petitioner was advised of the summary judgment procedure and the possible consequences if he failed to respond adequately. On July 30, 2007, Petitioner filed a response to Respondent's motion for summary judgment.

In accordance with 28 U.S.C. § 636(b)(1) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Bruce Howe Hendricks for pretrial handling. The Magistrate Judge issued a Report and Recommendation ("Report and Recommendation") on December 18, 2007, in which she recommended that Respondent's motion for summary judgment be granted and that the petition be dismissed without prejudice. The Magistrate Judge found that Petitioner had not exhausted his state court remedies as his application for post-conviction relief ("PCR") in state court remains pending. Petitioner filed objections to the Report and Recommendation on January 2, 2008. ("Petitioner's Objections.") On January 22, 2008, Petitioner filed a motion to amend his objections, which included further objections to the Report and Recommendation. ("Petitioner's Motion to Amend Objections.")

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). The district court need not conduct a de novo review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982).

Petitioner makes two specific objections to the Report and Recommendation. Petitioner's first objection is that his claim that he is excused from exhaustion is not based on inordinate delay

2

but based on his actual innocence. (See Petitioner's Objections at 2.) Petitioner claims that a conviction of a person who is actually innocent is unconstitutional and can be challenged at any time. (See Petitioner's Objections at 5.) Petitioner's objection is without merit.

Generally, "a claim of 'actual innocence' is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." Herrera v. Collins, 506 U.S. 390, 404 (1993). In this case, Petitioner's bases for federal habeas relief are not barred from consideration on the merits. As the Magistrate Judge noted, Petitioner is not prejudiced by the delay in resolution of his PCR action because the statute of limitations for filing his federal habeas petition is tolled pending resolution of his PCR action. (See Report and Recommendation at 3.) Once Petitioner has exhausted his state court remedies, he will have approximately nine (9) months to file an application for habeas relief in federal court.

Petitioner's second objection is that the Magistrate Judge failed to address or respond to the substance of Petitioner's claims for habeas relief. (See Petitioner's Objections at 1; Petitioner's Motion to Amend Objections at 1-2.) When a petition for a writ of habeas corpus is dismissed for failure to exhaust state remedies, a court should refrain from setting forth any implication as to the merits of the petitioner's claims. See Slayton v. Smith, 404 U.S. 53, 54 (1971). As such, it would have been inappropriate for the Magistrate Judge to address or respond to the merits of Petitioner's claims. Therefore, Petitioner's second objection is without merit.

After thorough review of the Report and Recommendation, the Plaintiff's Objections, the record in its entirety, and examining the applicable law, the court concurs with the Magistrate Judge's findings. The court adopts the Report and Recommendation and incorporates it herein by reference. As such, Respondents' motion for summary judgment (Entry 31) is **granted** and the

3

within petition for writ of habeas corpus is dismissed without prejudice. It follows that Petitioner's remaining pending motions (Entries 15, 18, 19, 21, 23, 26, 29, 38, 49, 56, 60, 62, 64, and 65) are moot.

**IT IS SO ORDERED.**

        s/ Margaret B. Seymour
Margaret B. Seymour
United States District Judge

Columbia, South Carolina
March 4, 2008

**NOTICE OF RIGHT TO APPEAL**

**Petitioner is hereby notified that he has the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**